**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**JAMES G. NELLIGAN, as permanent**
**guardian of the Estate of PHILIP PROIA,**
              **Plaintiff,**

                                                                              **04 Civ. 2174 (SCR)**

              **v.**                                                          **MEMORANDUM DECISION**
                                                                                      **AND ORDER**

**COMMUNITY GENERAL HOSPITAL**
**OF SULLIVAN COUNTY, DR. RAJESH**
**SHUKLA, and ROBERT KAHN, FNP,**
              **Defendants.**
_____

**STEPHEN C. ROBINSON, United States District Judge**

James Nelligan ("Plaintiff"), as permanent guardian of the Estate of Philip Proia ("Proia"), brought this medical malpractice action against Community General Hospital of Sullivan County ("Community General") and Dr. Rajesh Shukla ("Shukla") (collectively "Defendants").[1]  Jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332.  Defendants Shukla and Community General moved to dismiss pursuant to Rule 12(b)(7) on the grounds that Plaintiff failed to join necessary and indispensable parties.  For the reasons set forth below, Defendants' motions are denied.

   **I.     Background**

The facts as alleged are as follows.  On November 27, 2001, Proia, a Massachusetts resident, injured his head in a motor vehicle accident in New York State. Proia was taken to Community General, a resident of New York State for diversity purposes, where Shukla, also a New York resident, treated him.  Shukla did not order a CT scan, a standard imaging test often used to detect intracranial bleeding and subdural hematomas. Three days later, after returning to his home state of Massachusetts, Proia sought treatment from Dr. Nicholas Mascoli ("Mascoli") of Newton-Wellesley Internists, P.C., who also did not order a CT scan.  Approximately one month later, Proia went to his eye doctor, Newton Wellesley Eye Associates, complaining of blurry vision and headaches.  On January 21, 2002, Proia went to the emergency room at the Newton-Wellesley Hospital with an extremely painful headache, blurry vision, and difficulty with his speech, motor skills, and memory.  A CT scan was performed at that time showed two subdural hematomas had developed over the past month, putting severe pressure on Proia's brain.  Proia went through three surgeries in an attempt to relieve the pressure on

---

[1] A third defendant, Dr. Robert Kahn was subsequently dismissed with prejudice.

1

his brain. The surgeries were ultimately unsuccessful, however, and Proia suffered severe brain damage.

Plaintiff alleges Community General and Shukla negligently failed to order a CT scan, causing Proia to sustain an undiagnosed and untreated subdural hematoma, resulting in severe brain damage. Plaintiff also brought suit in Massachusetts state court. There, Plaintiff alleges that Mascoli's failure to order the CT scan also caused Proia's injuries to go untreated, resulting in the brain damage.

**II.     Discussion**

Defendants move, pursuant to Rules 12(b)(7) and Rule 19, for dismissal because Plaintiff failed to join necessary and indispensable parties. Rule 19 analysis is a two-step process. *Viacom International v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). First, the court must determine whether the absent party is a "necessary party" under Rule 19(a). Where the court determines a party is necessary, and the party cannot be joined for jurisdictional reasons, the court must then proceed to analyze whether that party is indispensable under Rule 19(b).[2] *Id.* If the party is indispensable, the court must dismiss the action. *Id.*; Fed. R. Civ. P. 19(b).

Shukla and Community General assert that Proia's primary care physician, Mascoli, and his employer Newton-Wellesley Internists, P.C. (collectively "Massachusetts defendants"), are necessary parties. Shukla further asserts that Newton Wellesley Eye Associates are necessary.[3] Both Shukla and Community General, in essence, argue that the absent parties are necessary because they are potentially liable for Proia's injuries, and because of the possibility of multiple or inconsistent obligations as a result of litigating these claims in two different forums. *See* Shukla Mem. at 3; Community General Mem. at 8.

A long-standing principle of federal law is that a plaintiff does not need to include all joint tortfeasors as defendants in a single lawsuit. *See, e.g.*, *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *Samaha v. Presbyterian Hospital in the City of New York*, 757 F.2d 529, 531 (2d Cir. 1985); *Jerez v. Cooper*, 2003 WL 22126893, *1 (S.D.N.Y. September 12, 2003). Defendants' arguments that the potential liability of the absent Massachusetts parties renders those parties necessary are therefore without merit.

Moreover, the existence of a second law suit, in another forum, does not make the Massachusetts defendants necessary under Rule 19. *See, e.g. Temple*, 498 U.S. at 5 (joint tortfeasor being sued in a separate state court action is not a necessary party); *Delgado v.*

---

[2] To determine whether a party is indispensable, a court must consider the following factors: "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

[3] This Court cannot determine whether Community General is also arguing that Newton Wellesley Eye Associates is a necessary or indispensable party.

*Plaza Las Ams.*, 139 F.3d 1, 3 (1st Cir. 1998)(same). Under Rule 19(a)(2)(ii), a party is necessary where they claim an interest in a litigation and is so situated that the disposition of the action in the persons absence will "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." It is self-evident that where a plaintiff sues different defendants in different forums, there is no risk that a defendant, who is sued in only one of those forums, will incur double or multiple liability. Moreover, while courts in different forums may certainly reach different results, "[i]nconsistent obligations are not, however, the same as inconsistent adjudications or results." *Delgado*, 139 F.3d at 3. As explained by the First Circuit,

> "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum."

*Id.* (citations omitted).

Because the joint tortfeasors are not necessary parties, and because Defendants will not be subject to multiple or inconsistent obligations, the absent parties are not necessary under Rule 19(a). Because the Court determines that requirements of Rule 19(a) have not been met, no inquiry under Rule 19(b) is needed. *See Temple*, 498 U.S. at 8.

### III.  Conclusion

For the reasons set forth above, Defendants' motions are denied.

*It is so ordered.*

Dated: White Plains, New York
February 7, 2007

Stephen C. Robinson, U.S.D.J.

3